1  ALEXANDER S. NAZAROV, Bar No. 304922
   WINNIE G. VIEN, Bar No. 347796
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1375 55th Street
   Emeryville, California 94608
4  Telephone: (510) 337-1001
   Fax: (510) 337-1023
5  E-Mail:  courtnotices@unioncounsel.net
              anazarov@unioncounsel.net
6              wvien@unioncounsel.net

7  Attorneys for Plaintiffs JEROMY MOON
   RICARDO LUNA, and GUY GRAFF
8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12 | JEROMY MOON, RICARDO LUNA, and | No. 3:25-cv-05178-RFL
   | GUY GRAFF, on behalf of themselves and all |
13 | others similarly situated, | [Case Assigned to District
   | | Judge Rita F. Lin]
14 | Plaintiffs, |
   | | **PLAINTIFFS' FIRST AMENDED**
15 | v. | **CLASS ACTION COMPLAINT FOR:**
16 | PACIFIC GAS AND ELECTRIC COMPANY, | 1. Failure To Provide Off-Duty Rest
   | and DOES 1 through 50, inclusive, | Periods (Labor Code § 226.7; IWC
17 | | Wage Order No. 4-2001)
   | Defendants. | 2. Failure To Pay Minimum Wage For
18 | | Hours Worked During Meal Periods
   | | (Labor Code § 1194; IWC Wage
19 | | Order No. 4-2001)
   | | 3. Failure To Provide Access To
20 | | Restroom Facilities (Labor Code §§
   | | 6400-6403, 6407; Cal. Code Regs.,
21 | | Tit. 8, § 3364)
   | | 4. Failure To Provide Accurate Wage
22 | | Statements (Labor Code § 226)
   | | 5. Failure to Pay All Wages Due Upon
23 | | Termination (Labor Code §§ 200-
   | | 203)
24 | | 6. Violations of the Unfair Competition
   | | Law (Business and Professions Code
25 | | §§ 17200, *et seq.*)
   | | 7. Civil Penalties Under the Private
26 | | Attorneys General Act (Labor Code
   | | §§ 2698, *et seq.*)
27

28                      **DEMAND FOR JURY TRIAL**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

                                    1
PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

Plaintiffs JEROMY MOON, RICARDO LUNA, and GUY GRAFF, on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.      Plaintiffs are armed security guards who work at Pacific Gas and Electric Company's ("PG&E") Diablo Canyon Power Plant at Avila Beach in San Luis Obispo County, California.  They are responsible for securing the plant and defending it from attack.

2.      PG&E regularly fails to provide Plaintiffs and other similarly situated armed security guards with off-duty rest periods and fails to pay them the minimum wage for hours worked during meal periods.  PG&E also regularly fails to provide the armed security guards access to restroom facilities during their shifts.  As a result of these violations, PG&E is liable for various penalties under the Labor Code, the California Industrial Welfare Commission Wage Order No. 4 ("Wage Order No. 4"), and the Unfair Competition Law ("UCL").

3.      This is a class action against PG&E to challenge its policies and practices of failing to provide Plaintiffs and other armed security guards with off-duty rest periods and minimum wage for hours worked during meal periods, as well as access to restroom facilities, which they are entitled to by law.  Plaintiffs sue on behalf of themselves and all other similarly situated armed security guards employed by PG&E at the Diablo Canyon Power Plant.

4.      Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for the rest periods that PG&E failed to provide, the hours worked during meal periods, as well as all related penalties, including penalties for the lack of restroom access, waiting time penalties, and penalties for PG&E's failure to provide accurate itemized wage statements.  Plaintiffs also seek declaratory and injunctive relief, reasonable attorneys' fees, and the costs of suit.

## PARTIES

5.      Plaintiff Jeromy Moon is a citizen of the State of California and resides in Santa Barbara County, California.  He has worked as an armed security guard at the Diablo Canyon Power Plant since 2000.

6.      Plaintiff Ricardo Luna is also a citizen of the State of California and resides in San

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1    Luis Obispo County, California.  He has worked as an armed security guard at the Diablo Canyon

2    Power Plant since 2003.

3        7.    Plaintiff Guy Graff is a citizen of the State of California and resides in San Luis

4    Obispo County, California.  He has worked as an armed security guard at the Diablo Canyon

5    Power Plant since 2010.  Plaintiffs are "employees" as that term is used in the Labor Code

6    generally and in Wage Order No. 4.  They sue on behalf of themselves and all other similarly

7    situated armed security guards at the Diablo Canyon Power Plant.

8        8.    PG&E is a natural gas and electric utility company incorporated in California and

9    headquartered in Oakland in Alameda County.  It is the largest utility company in the U.S. and is

10   part of PG&E Corporation.  It has approximately 23,000 employees and services approximately

11   16 million people in a 70,000 square mile service area in northern and central California.

12       9.    PG&E is a "person" as defined in Labor Code section 18 and Business and

13   Professions Code section 17201.  PG&E is an "employer" as that term is used in the Labor Code

14   and Wage Order No. 4.

15       10.    Plaintiffs do not know the true names and capacities of Defendants sued herein as

16   DOES 1 through 50 and therefore sue these Defendants by fictitious names.  Plaintiffs will amend

17   their complaint to state the true names and capacities of Defendants DOES 1 through 50,

18   inclusive, when ascertained.  Plaintiffs are informed and believe and thereon allege that each of

19   the fictitiously named Defendants is responsible in some manner for the occurrences and damages

20   alleged herein, and that Plaintiffs' damages as hereinafter set forth were proximately caused by

21   said Defendants.

## JURISDICTION & VENUE

23       11.    Plaintiffs filed their original Complaint in the Alameda County Superior Court on

24   April 4, 2025.  The Alameda County Superior Court has subject matter jurisdiction because the

25   claims involve alleged violations of California law, the total amount of damages sought exceeds

26   $35,000, and the relief requested is within the jurisdiction of that Court.

27       12.    The Alameda County Superior Court has personal jurisdiction, and venue is proper

28   in the County of Alameda pursuant to Code of Civil Procedure section 395.5 because PG&E's

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1   principal place of business is in Alameda County and it maintains offices, transacts business,

2   and/or has agents in Alameda County.

3         13.    PG&E removed this matter to this Court on June 18, 2025, based on federal

4   question and supplemental question jurisdiction.  Plaintiffs do not concede that this Court has

5   subject matter jurisdiction over the claims alleged, which involve solely violations of California

6   law.  Plaintiffs intend to file a motion to remand this case to the Alameda County Superior Court.

7         14.    As a federal district court, this Court has jurisdiction to determine its own

8   jurisdiction and determine whether a cause of action maintainable in this Court is stated in this

9   First Amended Complaint.  *Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S.

10  246, 249 (1951).

11        15.    If this action is not remanded to the Alameda County Superior Court, venue is

12  proper in this Court because PG&E's principal place of business is in the territory of the Northern

13  District of California,  it maintains offices, transacts business, and/or has agents in the Northern

14  District, and the state court from which this matter was removed is located in the Northern

15  District.

16        16.    Venue is also proper in the Central District of the United States District Court of

17  California because a substantial part of the events or omissions giving rise to the claims in this

18  matter occurred in the Central District.  Plaintiffs do not oppose PG&E's motion to transfer the

19  venue of this matter from the Northern District to the Central District.

20  ## FACTUAL ALLEGATIONS

21        17.    PG&E owns approximately 20 square miles of property at Avila Beach in San Luis

22  Obispo County, where the Diablo Canyon Power Plant is located.  The Diablo Canyon Power

23  Plant is a nuclear power plant.  The first access point to the plant is a security station at Avila

24  Beach.  From the Avila Beach access point, one needs to drive approximately 7.5 to 9 miles to

25  reach a parking lot before getting into the power plant.  The whole power plant is protected by

26  security guards 24/7, 365 days a year.  There is one unarmed security guard stationed at the Avila

27  Beach access point.  Inside the plant, armed security guards are stationed at approximately 30-40

28  different locations or "posts" to protect the security of the plant.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4
PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

18.    PG&E employs approximately 160-175 armed security guards at the Diablo Canyon Power Plant.  The armed security guards are split between two classifications – Zebra Officers ("Zebras") and Nuclear Security Officers ("NSOs").  Zebras are equipped with rifles and focus on plant access, x-rays, and vehicle searches.  Approximately 5% of the armed security guards are Zebras.  NSOs are equipped with both rifles and pistols.  They focus on defending the plant from attack.  Approximately 95% of armed security guards are NSOs.  Plaintiffs Jeromy Moon and Ricardo Luna are NSOs.  Plaintiff Guy Graff is a Zebra.

19.    Plaintiffs and similarly situated armed security guards are "employees" as that term is used in the Labor Code and Wage Order No. 4 regulating wages, hours, and working conditions, applicable to security guards.  Therefore, they are entitled to rest periods and minimum wage for hours worked during meal periods, as required by Labor Code sections 226.7, 1194, and Wage Order No. 4.

20.    PG&E provides armed security guards with rosters showing their assigned posts each day and rotation cards showing their assigned rest and meal periods.  On a given workday, most armed security guards are assigned to multiple different posts within the plant using a rotation system.  There are typically 4-5 guards on each rotation.  Throughout the day, the armed security guards are expected to follow the timecards and move between the posts that they are assigned.  A small number of armed security guards are assigned to standalone positions, where they must stay the entire day, and are not required to rotate between posts.

21.    PG&E assigns armed security guards to various types of rotations, each following its own rotation card.  The two main types of rotations that PG&E uses are the 4-man rotation and the 5-man rotation.  Armed security guards assigned to a 4-man rotation or a 5-man rotation are scheduled for rest and meal periods and theoretically should not be on-call or working during these periods.  They are typically not paid for rest and meal periods.  PG&E also has some Code 7 rotations, where armed security guards are on call during rest and meal periods and are paid for this time.  This lawsuit concerns the armed security guards assigned to 4-man or 5-man rotations and not Code 7 or on-call rotations.

22.    PG&E has a policy and practice of failing to provide Plaintiffs and similarly

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

situated armed security guards on the 4-man or 5-man rotations and not Code 7 or on-call rotations with off-duty rest periods, failing to pay them an additional hour of pay at their regular rate of pay for these rest periods where they were not fully off-duty, and failing to pay them minimum wage for hours worked during meal periods.

23.     Before their rest periods and meal periods, armed security guards on the 4-man or 5-man rotations and not Code 7 or on-call rotations are required to follow a turn-over checklist and complete a number of security procedures, including: (1) communicating any safety concerns and equipment status to the security guard relieving them from their post, (2) walking to a weapons locker to store all of their gear, including ammunition, a rifle, and a pistol (NSOs only) (approximately 30 pounds of gear for Zebras and 40 pounds of gear for NSOs), (3) taking off and storing all the gear in the weapons locker, and (4) returning their control key to a key room at the entrance of the plant if they want to go to their car or off-site.

24.     PG&E gives armed security guards on a 5-man rotation 20 minutes for a 10-minute rest period and 40 minutes for a 30-minute meal period to account for the time it takes to complete these security procedures, to walk to a suitable resting area, and to walk between posts. PG&E gives armed security guards on a 4-man rotation, which includes posts that are farther away and posts on the "hot side" (a radiation-controlled area), 30 minutes for a 10-minute rest period and 50 minutes for a 30-minute meal period to account for the farther distances and additional radiation disinfection procedures required in the "hot side."

25.     Due to the amount of time it takes to complete all of these security procedures, to walk to a suitable resting area, and to walk between posts, the armed security guards on the 4-man or 5-man rotations and not Code 7 or on-call rotations are not able to take a full 10-minute off-duty rest period and a full 30-minute off duty meal period even with the additional 10 minutes provided by PG&E on the 5-man rotation and 20 minutes on the 4-man rotation.  Accordingly, many of these armed security guards are forced to keep all their gear on (approximately 30 pounds of gear for Zebras and 40 pounds of gear for NSOs) during their rest periods and meal periods and are thus not fully off-duty.

26.     PG&E also does not give the armed security guards on the 4-man or 5-man

6

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1    rotations and not Code 7 or on-call rotations true off-duty rest periods and meal periods because

2    they are required to maintain their pagers on them at all times.  PG&E specifically requires all

3    armed security guards to keep their radios on even at the gym inside the power plant, so they are

4    effectively on-call even if they choose to go to the gym to work out during a meal period.  PG&E

5    also sometimes uses pagers similar to radios to contact armed security guards during their rest

6    periods and meal periods to call them back to work, or otherwise asks other security officers to

7    call them back to work from a rest or meal area, effectively rendering the armed security guards

8    on-call during their rest periods and meal periods.

9        27.    PG&E also does not give the armed security guards on the 4-man or 5-man

10   rotations and not Code 7 or on-call rotations true off-duty rest periods and meal periods because

11   they are required to keep their keys, including their assigned keycard and any weapons locker

12   key, on them at all times, even during rest periods and meal periods.  PG&E requires employees

13   with controlled keys to remain attentive (cannot sleep) during their rest periods and meal periods.

14   Furthermore, PG&E's allotted 40-minute meal period (5-man rotation) and 50-minute meal

15   period (5-man rotation) does not give armed security guards enough time to return their security

16   keys to the Secondary Alarm Station ("SAS") at the entrance of the plant in order to go off-site

17   (approximately 7.5-9 miles from the plant) during a meal period, since SAS is so far away (up to

18   a 10-minute walk) from many posts.

19       28.    PG&E also does not provide the armed security guards on the 4-man or 5-man

20   rotations and not Code 7 or on-call rotations with full 10-minute rest periods and 30-minute meal

21   periods because they are required to use the restroom only during their rest periods and meal

22   periods.  NSOs do not have access to restrooms at any of their posts and are required to call a

23   supervisor to have another security guard relieve them to go to the restroom.  Likewise, Zebras

24   who are actively on duty, such as on camera view or vehicle escort, are not allowed to step away

25   to go to the restroom without another security guard relieving them.  However, because the power

26   plant is perennially short staffed, a relieving officer is often not available, and the armed security

27   guards are told to wait until their rest period or meal period to use the restroom.  Only after the

28   armed security guards repeatedly complained about the restroom issue did PG&E establish a

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

7

1    dedicated Shift Support Officer to help relieve security guards starting around November 2024.

2    Still, the Shift Support Officer is often sent to address other emergencies and projects and is not

3    always available for restroom relief.  PG&E has even put out buckets at the security posts for the

4    NSOs to use as makeshift toilets in cases where a relieving security guard is not available and the

5    NSOs cannot wait until their assigned rest period or meal period.

6        29.    PG&E does not compensate armed security guards on the 4-man or 5-man

7    rotations and not Code 7 or on-call rotations for the times when they are not given full, truly off-

8    duty 10-minute rest periods and 30-minute meal periods.  PG&E does not provide the armed

9    security guards on the 4-man or 5-man rotations and not Code 7 or on-call rotations with rest

10   period premiums for the rest periods where they are not fully off-duty.  PG&E also does not pay

11   the armed security guards on the 4-man or 5-man rotations and not Code 7 or on-call rotations

12   minimum wage for hours worked during their meal periods when they are not fully off-duty.

13       30.    Furthermore, PG&E has a policy and practice of failing to provide Plaintiffs and

14   similarly situated armed security guards with accurate wage statements including information

15   regarding rest period premiums they are entitled to but not paid for rest periods where they were

16   not fully off-duty and minimum wage for hours worked during meal periods.

17       31.    PG&E also has a policy and practice of not paying Plaintiffs and similarly situated

18   armed security guards who quit or were terminated from PG&E all wages due after the end of

19   their employment, including an additional hour of pay at their regular rate of pay for rest periods

20   where they were not fully off-duty and minimum wage for hours worked during meal periods.

21       32.    PG&E's unlawful conduct alleged herein has been widespread, repeated, and

22   willful.

23                              **CLASS ALLEGATIONS**

24       33.    Plaintiffs bring this action on behalf of themselves and the following ascertainable

25   class of similarly situated persons (the "Class"):

26       All individuals who have been employed as a Nuclear Security Officer or Zebra at
         PG&E's Diablo Canyon Power Plant who have been assigned on a 4-man or 5-man
27       rotation, excluding Code 7 or on-call rotations, at any time from four years prior to the
         filing of this complaint up to and continuing until the time that judgment is entered in this
28       case.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

8

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1    Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses

2    based on the results of discovery or otherwise.

3        34.    This action has been brought and may properly be maintained as a class action

4    under California Code of Civil Procedure section 382 because there is a well-defined community

5    of interest and the proposed class is easily ascertainable.  If this action is not remanded to the

6    Alameda County Superior Court, it may be maintained as a class action under Federal Rule of

7    Civil Procedure 23.

8        35.    **Numerosity:** The potential members of the Class are so numerous that joinder of

9    all the members of the Class is impracticable.  Plaintiffs are informed and believe that there are at

10   least 150 members of the Class.

11       36.    **Commonality:** There are questions of law and fact common to Plaintiffs and the

12   Class that predominate over any questions affecting only individual members of the Class.  These

13   common questions of law and fact include, but are not limited to:

14           a.    Whether PG&E's policy and practice of failing to provide Class Members

15                with true off-duty rest periods and failing to pay Class Member rest period

16                premiums for these rest periods violates Labor Code section 226.7 and

17                Wage Order No. 4;

18           b.    Whether PG&E's policy and practice of failing to provide Class Members

19                with true off-duty meal periods and failing to pay Class Members for hours

20                worked during meal periods violates Labor Code section 1194;

21           c.    Whether PG&E's policy and practice of failing to provide Class Members

22                with access to restroom facilities during their shifts violates Labor Code

23                sections 6400-6403, 6407;

24           d.    Whether PG&E's failure to include on Class Members' wage statements

25                the rest period premiums they are entitled to but not paid for rest periods

26                where they were not fully off-duty and minimum wage earned for hours

27                worked during meal periods constitutes a failure of its duty to provide

28                Class Members with accurate itemized wage statements under Labor Code

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

9

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1    section 226;

2    e.    Whether PG&E's policy and practice of failing to timely pay Class

3          Members all wages due, including rest period premiums for rest periods

4          where they were not fully off-duty and minimum wage for hours worked

5          during meal periods, upon termination of their employment violates Labor

6          Code sections 200-203;

7    f.    Whether PG&E's policies and practices outlined herein constitute an

8          unlawful, unfair or fraudulent business act or practice in violation of

9          Business and Professions code section 17200 *et seq.*; and

10   g.    The proper formula for calculating damages and penalties owed to

11         Plaintiffs and the Class Members as alleged herein.

12   37.   **Typicality**: Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs

13   and Class Members sustained damages arising out of the same policies, procedures, and/or

14   business practices of PG&E.

15   38.   **Adequacy of Representation**: Plaintiffs are members of the Class and do not have

16   any conflicts of interest with the Class.  They will vigorously prosecute the case on behalf of

17   themselves and members of the Class and will fairly and adequately protect the interests of the

18   Class.  Counsel representing Plaintiffs are experienced in litigating employment class actions,

19   including for rest and meal period violations.

20   39.   **Superiority**: A class action is superior to other means for the fair and efficient

21   adjudication of this case.  Joinder of all Class Members is impracticable, common questions of

22   law and fact predominate, and PG&E's policies and practices have damaged the members of the

23   Class in a similar way.  A class action allows these similarly situated Class Members to litigate

24   their claims in the manner that is most efficient for the parties and the judicial system.  If this

25   matter is not brought as a class action, there will be numerous lawsuits filed by current and

26   former employees.  A multitude of actions would burden the courts, lead to potential inconsistent

27   rulings, and unnecessarily prolong resolution of these claims.  Furthermore, as the damage

28   suffered by some of the Class Members may be small, on a relative basis, the expenses and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

10

1   burden of individual litigation would make it difficult or impossible for individual members of

2   the class to redress the wrongs done to them.

3       40.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

4   management of this action that would preclude its maintenance as a class proceeding.

5                            **FIRST CAUSE OF ACTION**
                    **Failure To Provide Off-Duty Rest Periods**
6             **(Labor Code § 226.7; IWC Wage Order No. 4-2001)**

7       41.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

8   forth herein.

9       42.    Labor Code section 226.7 and Wage Order No. 4 (applicable to security guards)

10  require PG&E to provide Class Members with off-duty rest periods.  Under Wage Order No. 4, an

11  "employer shall authorize and permit all employees to take rest periods . . . based on the total

12  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

13  fraction thereof."  Cal. Code Regs. tit. 8, § 11140.  The California Division of Labor Standards

14  Enforcement ("DLSE") has established that "the rest period begins when the employee reaches an

15  area away from the work station that is appropriate for rest," and "the rest period is not to be

16  confused with or limited to breaks taken by employees to use toilet facilities."  Lilia Garcia-

17  Brower, State Lab. Comr., Div. of Lab. Stds. Enforcement, *The 2002 Update Of The DLSE*

18  *Enforcement Policies and Interpretations Manual (Revised)*, §§ 45.3.3-4 at 45-13 (2019).

19      43.    Labor Code section 226.7 makes it unlawful for employers to require employees to

20  work during a rest period mandated pursuant to an applicable wage order.  In *Augustus*, the

21  California Supreme Court held that "during rest periods employers must relieve employees of all

22  duties and relinquish control over how employees spend their time."  *Augustus v. ABM Security*

23  *Services, Inc.*, 2 Cal. 5th 257, 269 (2016), citing *Brinker Restaurant Corp. v. Superior Court*, 53

24  Cal. 4th 1004, 1038–1039 (2012); *see also id.* at 271 (employer's policy requiring security guards

25  "to keep their radios and pagers on during rest breaks, to remain vigilant, and to respond when

26  needs arise" "conflict[s] with an employer's obligation to provide breaks relieving employees of

27  all work-related duties and employer control.")

28      44.    PG&E has knowingly and willfully failed to provide Plaintiffs and Class Members

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

with off-duty rest periods as required by Labor Code section 226.7 and Wage Order No. 4.  First, PG&E requires Plaintiffs and Class Members to spend a portion of their rest periods completing security procedures, such as (1) communicating any safety concerns and equipment status to the security guard relieving them from their post, (2) walking to a weapons locker to store all of their gear (approximately 30 pounds of gear for Zebras and 40 pounds of gear for NSOs), (3) taking off and storing all the gear in the weapons locker, and (4) returning their control key to a key room at the entrance of the plant if they want to go to their car or off-site.  If Plaintiffs and Class Members do not spend a portion of their rest periods removing and storing all their gear, they are forced to carry around approximately 30-40 pounds of gear, including ammunition, a rifle, and a pistol (NSOs only) during their rest periods and are thus not fully off-duty.  Second, PG&E requires Plaintiffs and Class Members to maintain their pagers on them at all times to remain contactable, including during rest periods.  In addition, PG&E requires Plaintiffs and Class Members to keep their keys, including their assigned keycard and any weapons locker key, on them at all times and to remain attentive, even during rest periods.  Finally, PG&E requires Plaintiffs and Class Members to use the restroom only during their rest periods and meal periods, thus cutting into their 10-minute rest periods required by Labor Code section 226.7 and Wage Order No. 4.

45.     Under Labor Code section 226.7(c), an employer that fails to provide a required rest period must "pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . rest or recovery period is not provided."  These premium wages are due in a manner akin to an employee's immediate entitlement to payment of wages.

46.     PG&E has knowingly and willfully refused to perform its obligations to provide Plaintiffs and Class Members with the off-duty rest periods to which they are entitled (and continues to do so as of the date of this filing).  PG&E has also knowingly and willfully refused to pay Plaintiffs and Class Members the rest period premiums required by Labor Code section 226.7(c) for the rest periods where they are not fully off-duty (and continues to do so as of the date of this filing).

47.     PG&E's conduct described herein violates Labor Code section 226.7 and Wage

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1    Order No. 4 and causes recoverable injury to Plaintiffs and Class Members.  Pursuant to Labor

2    Code section 226.7(c), Plaintiffs and Class Members are entitled to compensation for the failure

3    to provide rest periods, plus interest, attorneys' fees, and expenses and costs of suit.  PG&E is

4    also liable to Plaintiffs and Class Members for civil penalties pursuant to Wage Order No. 4,

5    section 18, which states that any employer who violates Wage Order No. 4 shall be subject to a

6    civil penalty of $50 for an initial violation and $100 for each subsequent violation "for each

7    underpaid employee for each pay period during which the employee was underpaid in addition to

8    the amount which is sufficient to recover unpaid wages."  These penalties are in addition to any

9    other civil penalties provided by law.

10           48.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

11                          **SECOND CAUSE OF ACTION**
                            **Failure To Pay Minimum Wage**
12                   **For Hours Worked During Meal Periods**
                  **(Labor Code § 1194; IWC Wage Order No. 4-2001)**
13

14           49.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

15    forth herein.

16           50.     "[W]hen an employee is covered by a collective bargaining agreement that

17    complies with Labor Code section 512(e) . . . and provides the employee with an 'unpaid meal

18    period,' that time is nonetheless compensable under the wage order as 'hours worked' if the

19    employer prohibits the employee from leaving the employer's premises or a designated area

20    during the meal period and if this prohibition prevents the employee from engaging in otherwise

21    feasible personal activities."  *Huerta v. CSI Electrical Contractors*, 15 Cal. 5th 908, 916 (2024).

22    In such a situation, the employee "may bring an action under Labor Code section 1194 to enforce

23    the wage order and recover unpaid wages for that time."  *Id.*

24           51.     *Huerta* made clear that "[a]lthough a meal period's limited duration may impose

25    some practical limitations on employees' freedom of movement, employees must retain the

26    freedom to use the time 'for their own purposes' if a meal period is to qualify as off-duty."

27    *Huerta*, 15 Cal. 5th at 935.  "[T]here is a meaningful difference between being required to eat at

28    one's workstation or in a designated meal area and being allowed to return to one's personal

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

13

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1  vehicle or take a walk.  In the latter situations, an employee may be able to make personal phone

2  calls, take a nap, or simply enjoy a moment of quiet." *Id.*

3  52.  Both Labor Code section 1194 and Wage Order No. 4, section 4, require the

4  payment of minimum wage for all hours worked.

5  53.  PG&E has failed to pay Plaintiffs and Class Members minimum wage for time

6  spent during their meal periods completing security procedures, such as (1) communicating any

7  safety concerns and equipment status to the security guard relieving them from their post, (2)

8  walking to a weapons locker to store all of their gear (approximately 30 pounds of gear for Zebras

9  and 40 pounds of gear for NSOs), (3) taking off and storing all the gear in the weapons locker,

10  and (4) returning their control key to a key room at the entrance of the plant if they want to go to

11  their car or off-site—time during which Plaintiffs and Class members are "prevent[ed] . . . from

12  engaging in otherwise feasible personal activities." *Huerta*, 15 Cal. 5th at 916.  If Plaintiffs and

13  Class Members do not spend a portion of their meal periods removing and storing all their gear,

14  they are forced to carry around approximately 30-40 pounds of gear, including ammunition, a

15  rifle, and a pistol (NSOs only) during their meal periods and are thus also "prevent[ed] . . . from

16  engaging in otherwise feasible personal activities." *Id.*  PG&E has also failed to pay Plaintiffs

17  and Class Members minimum wage for hours worked during their meal periods, where Plaintiffs

18  and Class Members are required to maintain their pagers, radios (if in the gym), assigned

19  keycards, and any weapons locker keys on them, and thus must remain attentive and cannot sleep.

20  PG&E specifically codes meal periods within their payroll system for Plaintiffs and Class

21  Members as a "Break without Opportunity for Sleep" and does not pay Plaintiffs and Class

22  Members for these meal periods.  This is prohibited under Labor Code section 1194, Wage Order

23  No. 4, and *Huerta*.

24  54.  Plaintiffs and Class Members are "entitled to recover in a civil action the unpaid

25  balance of the full amount of this minimum wage . . . , including interest thereon, reasonable

26  attorney's fees, and costs of suit." Lab. Code § 1194(a).  Plaintiffs and Class Members are also

27  entitled to civil penalties of $50 for an initial violation and $100 for each subsequent violation "for

28  each underpaid employee for each pay period during which the employee was underpaid in

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

14

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1  addition to the amount which is sufficient to recover unpaid wages." Cal. Code Regs., tit. 8,

2  § 11140(18).

3      55.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

4                    **THIRD CAUSE OF ACTION**
                **Failure To Provide Access To Restroom Facilities**
5        **(Labor Code §§ 6400-6403, 6407; Cal. Code Regs., Tit. 8, § 3364)**

6      56.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

7  forth herein.

8      57.    The OSHA provisions of the Labor Code require employers to maintain a safe and

9  healthy environment for employees. Lab. Code § 6400(a) ("Every employer shall furnish

10  employment and a place of employment that is safe and healthful for the employees therein");

11  Lab. Code § 6401 ("Every employer . . . shall adopt and use practices, means, methods,

12  operations, and processes which are reasonably adequate to render such employment and place of

13  employment safe and healthful. Every employer shall do every other thing reasonably necessary

14  to protect the life, safety, and health of employees."); Lab. Code § 6403 ("No employer shall fail

15  or neglect to . . . adopt and use methods and processes reasonably adequate to render the

16  employment and place of employment safe [and] do every other thing reasonably necessary to

17  protect the life, safety, and health of employees."). The Labor Code is clear that "[e]very

18  employer . . . shall comply with occupational safety and health standards." Lab. Code § 6407.

19      58.    Cal/OSHA regulations make clear that "[t]oilet facilities shall be kept clean,

20  maintained in good working order and be ***accessible to the employees at all times***." Cal. Code

21  Regs., tit. 8, § 3364(b) (emphasis added); *see also* 29 C.F.R. § 1910.141 (similar OSHA

22  regulation stating "toilet facilities . . . shall be provided in all places of employment").

23      59.    General and serious Cal/OSHA violations result in civil penalties up to $15,873

24  and $25,000, respectively. Cal. Code Regs., tit. 8, § 336(b)-(c); Lab. Code §§ 6427-28. If the

25  violation is willful, the civil penalty is multiplied by 5 and "shall not be less than $11,337 and

26  shall not exceed $158,727." Cal. Code Regs., tit. 8, § 336(h); Lab. Code §§ 6429.

27      60.    PG&E has willfully violated Cal/OSHA's restroom access requirements and the

28  Labor Code's requirement of a safe and healthy workplace by failing to properly relieve armed

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

15
PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1  security guards to use the restroom during their shifts and not providing them access to restroom

2  facilities during their shifts.  PG&E's failure is willful given that they have made a business

3  decision to understaff the Diablo Canyon Power Plant and to rely on security guards who are on

4  their rest breaks to relieve other guards to use the restroom.  PG&E's violation is particularly

5  egregious and willful given that the NSOs are provided with buckets with makeshift seats to use

6  as toilets at their posts.

7       61.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

8  **FOURTH CAUSE OF ACTION**
**Failure To Provide Accurate Wage Statements**
9  **(Labor Code § 226)**

10       62.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

11  forth herein.

12       63.    Under Labor Code section 226(a), PG&E is required to provide regular accurate

13  itemized wage statements to Plaintiffs and Class Members showing, among other things, hours

14  worked and all applicable hourly rates during the relevant pay period.

15       64.    By failing to include rest period premiums and minimum wage for hours worked

16  during meal periods on itemized wage statements to Plaintiffs and Class Members, PG&E

17  knowingly and intentionally failed to provide Plaintiffs and Class Members with accurate

18  itemized wage statements showing all wages earned.  Plaintiffs and Class Members thus could not

19  easily and promptly determine whether they had been properly paid from their wage statements.

20       65.    Under Labor Code section 226(e), an employee suffering injury as a result of a

21  knowing and intentional failure by an employer to provide accurate itemized wage statements is

22  entitled to recover "the greater of all actual damages or fifty dollars ($50) for the initial pay

23  period in which a violation occurs and one hundred dollars ($100) per employee for each

24  violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars

25  ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

26       66.    As a direct and proximate result of PG&E's conduct, Plaintiffs and Class Members

27  have been injured by, among other things, not being paid all wages due and being required to file

28  this action to determine the wages due.  Plaintiffs and Class Members are entitled to recover the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1  damages or penalties provided by Labor Code section 226(e), including interest thereon, plus

2  reasonable attorneys' fees and costs.

3      67.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

4  **FIFTH CAUSE OF ACTION**
**Failure to Pay All Wages Due Upon Termination**

5  **(Labor Code §§ 200-203)**

6      68.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

7  forth herein.

8      69.    Under Labor Code section 201, "[i]f an employer discharges an employee, the

9  wages earned and unpaid at the time of discharge are due and payable immediately."  Under

10  Labor Code section 202, if an employee quits his or her employment, the wages earned and

11  unpaid are due and payable within seventy-two (72) hours of the notice of intention to quit.

12      70.    Class Members who have separated from employment with PG&E were not paid

13  all wages due after the end of their employment, including an additional hour of pay at their

14  regular rate of pay for rest periods where they were not fully off-duty and minimum wage for

15  hours worked during meal periods.  PG&E's failure to pay Class Members all wages due upon the

16  termination of their employment was willful.

17      71.    Labor Code section 203 provides that if an employer willfully fails to timely pay

18  such wages, the employer must, as a penalty, continue to pay the employee's daily wage until the

19  back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of

20  wages.

21      72.    As a direct and proximate result of PG&E's willful conduct in not paying Class

22  Members all wages earned at the time their employment with PG&E ended, each Class Member

23  whose employment with PG&E has ended is entitled to 30 days' wages as a penalty under Labor

24  Code section 203.

25      73.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

26  **SIXTH CAUSE OF ACTION**
**Violations of The Unfair Competition Law**

27  **(Business And Professions Code §§ 17200, _et seq._)**

28      74.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

forth herein.

75.    Business and Professions Code sections 17200, *et seq.* (also referred to as the "Unfair Competition Law" or "UCL") prohibits unfair competition, including "any unlawful, unfair, or fraudulent business act or practice."

76.    Business and Professions Code section 17204 allows any person who has suffered injury and lost money or property as a result of unfair competition to prosecute a civil action for violation of the UCL.

77.    Beginning at least four (4) years prior to the filing of this suit, PG&E has committed acts of unfair competition, as defined by the UCL, by engaging in unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including but not limited to:

a.    Failing to provide Plaintiffs and Class Members with fully off-duty rest periods and failing to pay them rest period premiums for missed rest periods in violation of Labor Code section 226.7 and Wage Order No. 4;

b.    Failing to pay Plaintiffs and Class Members minimum wage for hours worked during meal periods in violation of Labor Code section 1194 and Wage Order No. 4;

c.    Failing to provide Plaintiffs and Class Members with access to restroom facilities in violation of Labor Code sections 6400-6403, 6407, and California Code of Regulations, Title 8, section 3364;

d.    Failing to provide Plaintiffs and Class Members with accurate itemized wage statements in violation of Labor Code section 226;

e.    Failing to pay Plaintiffs and Class Members rest period premiums and minimum wage owed in a timely fashion in semimonthly payments in violation of Labor Code section 204; and

f.    Failing to pay Class Members all wages due upon termination of employment in violation of Labor Code sections 200-203.

Such conduct constitutes unlawful business practices in violation of Business and Professions

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

Code sections 17200, *et seq*. PG&E's actions and practices have taken from Plaintiffs and Class Members wages rightfully due to them and denied them the valuable benefit of protection by California's wage and hour laws and regulations, while enabling PG&E to gain an unfair competitive advantage over law-abiding employers and competitors.

78.    PG&E's conduct as herein alleged has damaged Plaintiffs and Class Members by denying them rest period premiums and minimum wage for hours worked during meal periods, which were earned, due, and payable. Plaintiffs and Class Members have thus suffered injury in fact and loss of money.

79.    Plaintiffs and Class Members are entitled to restitution under Business and Professions Code section 17203 for all wages and payments unlawfully withheld during the four (4) years prior to the filing of this Complaint, as well as restitution for the value of the loss of statutory and regulatory protections.

80.    Plaintiffs and Class Members are also entitled to injunctive relief under Business and Professions Code section 17203, including a declaration that PG&E's business practices are unfair and unlawful, to prevent PG&E from repeating its unlawful, unfair, and fraudulent business acts and practices alleged above.

81.    In addition, Plaintiffs and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

82.    Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action, which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to California Code of Civil Procedure section 1021.5. Plaintiffs are also entitled to the payment of costs under California Code of Civil Procedure sections 1032 and 1033.5.

83.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
### Civil Penalties Under The Private Attorneys General Act
### (Labor Code §§ 2698, *et seq.*)

84.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

19

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

85.     Plaintiffs bring claims under the Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA") to recover civil penalties from PG&E.

86.     Labor Code section 2699 gives any aggrieved employee the right to file an action for civil penalties on behalf of themselves and other current or former employees for the employer's violations of the Labor Code.

87.     It is in the public interest that civil penalties for violations of the Labor Code be assessed and collected by aggrieved employees acting as private attorneys general.

88.     Plaintiffs are aggrieved employees under PAGA, pursuant to Labor Code section 2699(c).

89.     PG&E's denial of fully off-duty rest periods to Plaintiffs and Class Members, failure to pay them rest period premiums for missed rest periods, failure to pay them minimum wage for hours worked during meal periods, failure to compensate them in a timely fashion, and failure to provide accurate wage statements constitute violations of several provisions of the Labor Code, including without limitation Labor Code sections 226.7, 1194, 201, 202, 203, 204, and 226.

90.     On April 9, 2025, Plaintiffs filed a written notice online to the Labor and Workforce Development Agency ("LWDA") and served PG&E via certified mail, notifying the LWDA and PG&E of Plaintiffs' intent to seek PAGA penalties pursuant to the aforementioned Labor Code violations.  The facts and legal theories supporting the causes of action giving rise to the PAGA claims are the same as pled above.

91.     The LWDA has not issued notice of its intention to pursue civil penalties or to investigate Plaintiffs' claims.  More than 65 days have passed since the postmark date of Plaintiffs' April 9, 2025 PAGA notice.  Accordingly, Plaintiffs commence this PAGA claim for civil remedies as provided for under Labor Code section 2699.

92.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

///

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, pray for relief against PG&E as follows:

1.    For an order certifying the class under Code of Civil Procedure section 382, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

2.    For a declaratory judgment that PG&E has violated the Labor Code, Wage Order No. 4, and public policy as alleged herein;

3.    For a declaratory judgment that PG&E has violated Business and Professions Code sections 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code, Wage Order No. 4, and California public policy protecting wages;

4.    For preliminary, permanent, and mandatory injunctive relief prohibiting PG&E, its officers, agents, and all those acting in concert with them from continuing to commit the violations of law alleged herein in the future;

5.    For an equitable accounting to identify, locate, and restore to all Class Members, including both current and former employees, the wages they are due, with interest thereon;

6.    For an order awarding Plaintiffs and Class Members damages (including rest period premiums and minimum wage), penalties (including but not limited to any penalties under PAGA, Labor Code section 2698, *et seq.*), restitution, and all other sums of money owed to Plaintiffs and Class Members, with interest on these amounts, according to proof;

7.    For an award of reasonable attorneys' fees as provided by Labor Code sections 218.5, 226, and 1194, Code of Civil Procedure section 1021.5, and all other applicable law;

8.    For all costs of suit; and

9.    For such other and further relief as this Court deems just and proper.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand a trial by jury.

3    Dated:  July 11, 2025                         WEINBERG, ROGER & ROSENFELD
                                                    A Professional Corporation
4

5                                                        */s/ Winnie G. Vien*
                                        By:         ALEXANDER S. NAZAROV
6                                                   WINNIE G. VIEN

7                                                   Attorneys for Plaintiffs JEROMY MOON,
                                                    RICARDO LUNA, and GUY GRAFF
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    161235\1582854

PLS.' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:25-cv-05178-RFL

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001